UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE
No. 7:17-CV-_____

| | |
|---|---|
| RODNEY THACKER, ) | |
| ) | |
| Plaintiff ) | **Complaint** |
| ) | |
| vs. ) | |
| ) | |
| MMD MINERAL SIZING ) | |
| (AMERICA) INC., a Tennessee corp. ) | |
| ) | |
| Defendant ) | |

Plaintiff Rodney Thacker for his complaint against defendant MMD Mineral Sizing (America) Inc. states as follows:

**I**

**Nature of the Action**

1. This is an action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), as amended, and KRS Chapter 337 seeking recovery of unpaid overtime compensation, liquidated damages, attorney's fees, costs, litigation expenses and/or prejudgment interest.

**II**

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because plaintiff's claims raise questions of federal law. The Court's supplemental jurisdiction is properly exercised pursuant to 28 U.S.C. § 1367, because plaintiff's federal and state law claims arise from and relate to a

1

common nucleus of operative and material fact. Venue is proper in this Court, because plaintiff's place of employment, at all times pertinent to this lawsuit, for defendant was in Pike County, Kentucky.

### III

### Parties

3. Plaintiff Rodney Thacker is a resident of Pike County, Kentucky.

4. Defendant MMD Mineral Sizing (America) Inc. (hereinafter referred to as "MMD" or "defendant") is a Tennessee corporation. According to the records of the Tennessee Secretary of State, it agent for service of process is David E. Pitchford, 41 Excellence Way, Vonore, TN 37885-2123. MMD may be served properly through the Kentucky Secretary of State.

### IV

### Facts Giving Rise to the Lawsuit

5. MMD is in the business, among other things, of selling and maintaining large equipment used in mining operations.

6. Thacker was employed by MMD as a field technician from April 6, 1998, to October 7, 2015.

7. Thacker's employment for MMD was not exempt from the overtime pay requirements of either the FLSA or KRS Chapter 337.

8. MMD misclassified Thacker as an exempt salaried employee.

9. MMD is and at all times pertinent to this lawsuit has been engaged in interstate commerce and has and has had annual gross volume of sales exceeding $500,000.

10. MMD, at all times pertinent to this case, was the "employer" of Thacker within the meaning of 29 U.S.C. § 203(d) and KRS 337.010(1)(d).

11. Thacker, at all times pertinent to this case, was the "employee" of MMD within the meaning of 29 U.S.C. § 203(e) and KRS 337.010(1)(e).

12. Throughout his employment by MMD Thacker was regularly and routinely required to and did regularly work in excess of forty (40) hours per workweek.

13. At all times pertinent to this case, MMD knew, required, approved and/or suffered Thacker to work in excess of forty (40) hours per workweek.

14. MMD required Thacker to work more than forty (40) hours per workweek without paying him overtime compensation even though he was employed in a non-exempt position.

15. MMD willfully and intentionally required, approved and/or suffered Thacker to work more than forty (40) hours per workweek, while willfully and unlawfully designating and/or misclassifying his position as exempt from the overtime compensation requirements established by the FLSA and KRS Chapter 337.

16. At all times pertinent to this lawsuit, MMD withheld state income taxes as to Thacker solely and only for the state of Kentucky.

**V**

**Causes of Action**

**Count 1 – Failure to Pay Overtime In Violation of FLSA**

17. Thacker incorporates and realleges herein the preceding paragraphs 1 – 16 as if fully set forth herein.

18. Under the FLSA, 29 U.S.C. § 207, *et seq.,* MMD was required to compensate Thacker at an overtime rate for all hours worked in excess of forty (40) hours per workweek.

19. The FLSA requires that overtime compensation be paid at a rate not less than one and one-half (1.5) times Thacker's regular rate of pay.

20. MMD required, suffered and/or permitted Thacker to work in excess of forty (40) hours per workweek but did not compensate him for such overtime work.

21. As a result of MMD's policy and practice of failing to pay overtime compensation, Thacker has been damaged in that he has not been paid by MMD the overtime compensation that he has earned.

22. MMD's failure to pay Thacker the overtime compensation he has earned was a willful and intentional violation of the FLSA.

**Count 2 – Failure to Pay Overtime In Violation of KRS Chapter 337**

23. Thacker incorporates and realleges herein the preceding paragraphs 1 – 22 as if fully set forth herein.

24. Under KRS Chapter 337, MMD was required to compensate Thacker at an overtime rate for all hours worked in excess of forty (40) hours per workweek.

25. KRS Chapter 337 requires that overtime compensation be paid at a rate not less than one and one-half (1.5) times Thacker's regular rate of pay.

26. MMD required, suffered and/or permitted Thacker to work in excess of forty (40) hours per workweek but did not compensate him for such overtime work.

27. As a result of MMD's policy and practice of failing to pay overtime compensation, Thacker has been damaged in that he has not been paid by MMD the overtime compensation that he has earned.

28. MMD's failure to pay Thacker the overtime compensation he has earned was a willful and intentional violation of the KRS Chapter 337.

**VI**

**Demand for Judgment**

Wherefore, plaintiff Rodney Thacker demands judgment against defendant MMD as follows:

(1) entry of a judgment in his favor and against defendant requiring defendant to pay each him the overtime compensation due and owing him with an additional equal amount as liquidated damages as shown by the evidence at trial;

(2) entry of a judgment awarding him prejudgment interest on his unpaid overtime compensation along with the costs, litigation expenses and reasonable attorney's fees pursuant to the FLSA, KRS 337.385 and Fed.R.Civ. Pro. 54; and,

(3) the grant of all other relief to which he is shown to be entitled.

**Demand for Jury Trial**

Plaintiff demands trial by jury on all issues herein so triable.

Respectfully submitted,

By: /s/ Robert L. Abell
ROBERT L. ABELL
120 N. Upper Street
Lexington, KY 40507
(859) 254-7076
(859) 281-6541 fax
Robert@RobertAbellLaw.com
COUNSEL FOR PLAINTIFF